UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re. | No. C 06-7801 SI (pr) |
| | No. C 06-7802 SI (pr) |
| VINCENT ROSENBALM, | No. C 07-0316 SI (pr) |
| | No. C 07-0606 SI (pr) |
| Plaintiff. | No. C 07-0776 SI (pr) |
| _____/ | No. C 07-1295 SI (pr) |
| | No. C 07-1555 SI (pr) |

**ORDER OF DISMISSAL**

On March 21, 2007, the court ordered plaintiff, Vincent Rosenbalm, to show cause why these actions should not be dismissed under 28 U.S.C. § 1915(g), which provides that a prisoner may not bring a civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The order identified four prior dismissals that appeared to count under § 1915(g) and ordered Rosenbalm to show cause why pauper status should not be denied and the referenced actions dismissed. The order further stated that Rosenbalm also could avoid dismissal by paying the filing fee by the deadline for each of the referenced cases or "by showing that his current residence in the Napa State Hospital is pursuant to a civil commitment, rather than as part of the criminal proceedings against him." March 21, 2007 Order To Show Cause Re. Contemplated Dismissal, p. 3.

1 Rosenbalm did not pay the filing fees, did not show that any of the prior dismissals could
2 not be counted under § 195(g), and did not otherwise show cause why these cases could not be
3 dismissed. He filed several documents that asserted further claims and made other
4 incomprehensible arguments. The only information he provided relevant to the court's order
5 was his statement in a letter filed April 9, 2007, that his "incarceration at Napa is a civil
6 commitment under Penal Code 1370." (Docket # 7 in C 06-7801 SI.) He asserted that the
7 hospital staff refused to give him a copy of the commitment order this court told him to provide
8 if he was claiming to have been civilly committed. See id. Even without the commitment order,
9 Rosenbalm's reference to the statute under which he was sent to Napa provides enough
10 information for this court to determine that he is a prisoner to whom § 1915(g) applies.

11 In April 1996, 28 U.S.C. § 1915 was amended by the Prison Litigation Reform Act of
12 1995 ("PLRA") to impose several restrictions, including the restriction in § 1915(g) on frequent
13 filers. Section 1915 has several provisions that apply only to prisoners. "As used in this
14 section, the term 'prisoner' means any person incarcerated or detained in any facility who is
15 accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law
16 or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28
17 U.S.C. § 1915(h). Not all persons who are detained by the government are prisoners, however.
18 For example, an individual civilly committed pursuant to California's Sexually Violent Predators
19 Act is not a "prisoner" within meaning of 28 U.S.C. § 1915, Page v. Torrey, 201 F.3d 1136,
20 1139-40 (9th Cir. 2000), nor is an alien detained pending civil deportation proceedings,
21 Agyeman v. INS, 296 F.3d 871, 885-86 (9th Cir. 2002).

22 Rosenbalm is a prisoner within the meaning of Section 1915(g). When he filed the first
23 five of the seven referenced actions, Rosenbalm was in the Mendocino County Jail because he
24 was awaiting trial on charges of making a criminal threat, see Cal. Penal Code § 422.[1] When

---

[1] This information comes from page 2 of the petition for writ of habeas corpus filed in Rosenbalm v. Mendocino Superior Court, No. 06-7412 SI (pr).

2

he filed the last two actions, Rosenbalm was at Napa State Hospital, to which he had been transferred in early February 2007. He is at Napa pursuant to California Penal Code § 1370. That is not a civil commitment statute, despite Rosenbalm's assertion to the contrary.

Section 1370 is in the chapter of the California Penal Code dealing with inquiries into the competence of a criminal defendant. When the judge has a doubt about a criminal defendant's sanity "during the pendency of an action and prior to judgment," the court can suspend the criminal prosecution until the question of the present mental competence of the defendant is determined. See Cal. Penal Code § 1368. Section 1369 provides the procedures for the trial of the issue of the defendant's mental competence to stand trial on the criminal charges against him. If the defendant is found competent at the § 1369 trial, the criminal process resumes, i.e., the defendant can be tried and judgment may be pronounced. Cal. Penal Code § 1370(a)(1)(A). If the defendant is found incompetent at the § 1369 trial, the trial or judgment is suspended until he becomes competent. Cal. Penal Code § 1370(a)(1)(B). The criminal defendant determined to be incompetent is sent to a state hospital by the court. See Cal. Penal Code § 1370(a)(1-2). Hospitalization under § 1370 is part of the criminal proceedings against the defendant rather than a civil matter. For example, the commitment order must specify the criminal charges pending and must be accompanied by a statement of the "maximum term of commitment" that includes "credit for time served." Cal. Penal Code § 1370(a)(3); see also § 1370(c). Where the incompetent defendant is sent also depends on the charges pending against him. See, e.g., Cal. Penal Code § 1370(a)(1)(B) (providing special procedures for sex offender registrants). Most importantly, "[i]f the criminal charge against the defendant is dismissed, the defendant shall be released from any commitment ordered under this section, but without prejudice to the initiation of any proceedings that may be appropriate under the Lanterman-Petris-Short Act." Cal. Penal Code § 1370(e). Because 1370 commitment is part of the criminal proceedings and inextricably dependent on the existence of ongoing criminal proceedings, it is not a civil commitment. Though now at a state hospital rather than in a county jail, Rosenbalm is being detained in a

facility and accused of a violation of the criminal law and therefore is a prisoner for purposes of § 1915.  Unlike the plaintiff in <u>Page v. Torrey</u>, who had no criminal charges pending against him, Rosenbalm is being detained because he stands "accused of . . . violations of criminal law." <u>See</u> 28 U.S.C. § 1915(h).

Section 1915(g)'s frequent filer provision applies to Rosenbalm's cases filed while he was in the Mendocino County Jail as well as those filed when he was at Napa State Hospital. Rosenbalm has not shown that any of the prior dismissals cannot properly be counted as dismissals under § 1915(g) and has not shown that the referenced actions should not be dismissed.  The court finds that the four prior dismissals identified in the order to show cause count as dismissals for purposes of § 1915(g).

Accordingly, Rosenbalm's <u>in forma pauperis</u> application is DENIED in each of these actions and each of these action is dismissed pursuant to 28 U.S.C. § 1915(g). The dismissal of each of these actions is without prejudice to Rosenbalm asserting his claims in an action for which he pays the full filing fee at the time he files his complaint. In light of the dismissals, all other pending motions are DISMISSED as moot. The clerk shall close the file for each of the referenced actions.

IT IS SO ORDERED.

Dated: June 1, 2007

SUSAN ILLSTON
United States District Judge

4